OPINION OF THE COURT
Loren N. Brown, J.
By order to show cause, dated August 3, 1979, and supporting affidavit, dated August 24, 1979, defendants request an order establishing a "date of taking” for the use by condemnation commissioners in determining the value of the property taken, directing the commissioners to receive appraisals on alternate dates of valuation for the purposes of the record, and allowing both parties to amend their appraisers’ reports to the "date of taking” as determined by the court. In support *864 of the motion, the defendants have submitted a letter in lieu of memorandum, dated August 30, 1979.
The plaintiff opposes the motion by affidavit, dated August 19, 1979, and memorandum of law, undated.
A temporary order of possession was signed on February 21, 1975 and filed in the Saratoga County Clerk’s office on March 4, 1975. By virtue of the judgment, the plaintiffs were entitled to take immediate possession, and, in fact, possession was taken by representatives of the Saratoga County Sewer District on March 12, 1975 for the purpose of building a sewage treatment plant on the subject property.. Condemnation commissioners were appointed by court order dated February 21, 1975. The date of the appraisal submitted by the defendants was January 15, 1978, whereas, the plaintiff submitted an appraisal, made as of February 21, 1975.
The commissioners must now determine the value of the subject property and for that purpose, the court must establish a "date of taking.”
The defendants argue that the date of taking is the date of payment in the amount to be determined by the commissioners, and that until that time, possession by the plaintiffs was only "temporary.”
The court is of the opinion that the defendants have misunderstood the nature of the "temporary” condemnation. The use of the term "temporary” in section 24 of the Condemnation Law is solely a recognition that a condemnation proceeding can be terminated by dismissal of the petition or abandonment of the action by the plaintiff. In this context, a "temporary” condemnation permits a governmental authority to avoid long delays in accomplishing permanent acquisition of rights to real property. Though called "temporary” condemnation, from the inception of proceedings, a permanent acquisition was contemplated, and, in fact, accomplished.
The court is not persuaded by the defendants’ argument that as a general rule under the Condemnation Law, the value of the property taken is to be determined as of the date of the award or commissioner’s report (19 NY Jur, Eminent Domain, § 143, p 356). "A recognized exception to the general rule exists where the condemnor, under legal authorization, entered into possession of the realty before he takes title. Under such circumstances, the value date is moved back to the date of compliance with the legal conditions for possession before title.” (Matter of County of Westchester, 204 Misc 1031, *865 1041-1042.) Accordingly, the date of taking is determined to be February 21, 1975, the date the temporary order of possession was signed.
Having determined the date of taking for the purpose of determining value, the court will not direct the commissioners to receive alternate dates of valuation.
Finally, the court will allow the parties to amend their appraisers’ reports to reflect valuation of the property as of February 21, 1975.